On Motion to Dismiss.
The opinion of the court was delivered by
Manning, C. J.
Oramel Hinckley died several years ago insolvent. A meeting of his creditors was called, and they deliberated upon and *1084 determined the mode of settlement of the estate, and appointed Dominique Lalanne syndic. • He assumed charge, and has filed his final account of his gestión. Due publication was made of this filing, and the heirs were cited to appear and oppose it, if there should be cause. They appeared, and instead of ah opposition; filed-an exception, averring that they were unable to understand the account because of its obscurity, and unintelligibility, and because it is not a full and fair account as contemplated by law, and they pray that the syndic be ordered to file another.
They do not specify or particularize the obscurities, nor in what respect the account is unintelligible, nor why they consider it unfair or incomplete. The court sustained their exception, and the syndic appeals. The heirs now move to dismiss the appeal, because it is from an interlocutory order, and works no irreparable injury.
The judgment is in effect a dismissal of his account, and a refusal to receive his proofs of its correctness, and is irreparable, if his averment be true that he can file no other.
The motion to dismiss is refused.
On the Exception.
In October 1871, the syndic filed a tableau of classification of the debts of the succession, and a provisional account of his administration. The heirs opposed the homologation of this tableau and the account, which they subsequently withdrew, and a homologation was decreed, and the syndic was ordered to pay the debts and charges as they were classified. The syndic obeyed this mandate, and the account now filed is a statement of what he did under that decree.
The heirs have not opposed the account specifically, but content themselves with averring their inability to understand it, and do not point out in what particulars it fails to be full or fair. We do not participate in their want of comprehension. On the contrary it appears on its face to have been stated with more than ordinary perspicuity, and completeness.
The syndic was entitled to have the objections to the account set forth with sufficient detail to enable him to know what they were. A general opposition even would put him to the proof of each item, as it is assimilated to the plea of the general issue in an ordinary suit, and would require the production of his vouchers on the trial,- or other proof equivalent thereto. The syndic has not had an opportunity to offer any voucher, or to establish the correctness of his account in any way. He is bound only to file an account, sufficiently full and specific as to be in *1085 telligible to ordinary comprehension. He is not bound to supply the heirs with the faculties which will enable them to comprehend it.
The judgment of the lower court is erroneous. Therefore
.It is ordered, and decreed that the judgment of the court a qua is avoided and reversed, and the exception of the heirs is overruled and dismissed, and the cause is remanded to be proceeded with according to law, the appellees paying costs of appeal.